IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TILLMAN HENDERSON,

                    Petitioner,

          vs.

UNITED STATES OF AMERICA,

                    Respondent.

**8:24CV107**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 1, filed on March 20, 2024.  Petitioner alleges that he is challenging his judgment of conviction entered in the District Court of Douglas County, Nebraska.  *Id*. at 1.  The Court takes judicial notice of its records in a previous habeas case filed by Petitioner which show that Petitioner was convicted in 2013 of first degree murder, attempted first degree murder, two counts of use of a deadly weapon to commit a felony, and possession of a deadly weapon by a prohibited person in *State v. Tillman T. Henderson*, Case No. CR12-935, District Court of Douglas County, Nebraska.[1]  Filing 14-16 at 105, 110, 114–15, Case No. 4:19CV3022.

A *federal* prisoner challenging the legality of his sentence must raise his claims in a motion under 28 U.S.C. § 2255, but a prisoner in *state* custody challenging his state-court judgment of conviction must do so through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Indeed, it appears Petitioner simply used the incorrect form as Petitioner clearly seeks relief pursuant to § 2254.  Filing No. 1 at 5, 6,

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  *Id.*

10, 23, 26 (referring to his pleading as "Federal Habeas Corpus, 2254" and referencing 28 U.S.C. § 2254(d) multiple times). Accordingly, the Court hereby notifies Petitioner that it will treat his Motion Under 28 U.S.C. § 2255 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also, upon its own motion, the Court will direct the Clerk of the Court to substitute Rob Jeffreys as the sole proper respondent in this matter. Petitioner is in the custody of the Nebraska Department of Correctional Services ("NDCS"), and Jeffreys, the Director of the NDCS, is the official custodian of Petitioner.

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, Petitioner failed to include the $5.00 filing fee when he filed his petition. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

IT IS THEREFORE ORDERED that:

1.     Petitioner is directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

2.     The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3.     The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 3, 2024**: Check for MIFP or payment.

4.     The Clerk of the Court is directed to update the Court's records to reflect that Rob Jeffreys is the sole proper respondent in this action.

Dated this 3rd day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge