IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TILLMAN HENDERSON,

              Petitioner,

vs.

ROB JEFFREYS,

              Respondent.

8:24CV107

**MEMORANDUM AND ORDER**

      This matter is before the Court on Petitioner Tillman Henderson's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254,[1] Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis, Filing No. 4. Because the Court's records reflect that on April 8, 2024, Henderson paid the $5.00 fee applicable to habeas corpus cases, *see* 28 U.S.C. § 1914(a), his request to proceed in forma pauperis is denied as moot. The Court now conducts an initial review of Henderson's petition and will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

      The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

---

[1] Henderson utilized the form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody for his petition. Filing No. 1. The Court notified Henderson on April 3, 2024, that it would treat his Motion Under 28 U.S.C. § 2255 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Filing No. 3.

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise

2

grounds identical to those heard and decided on the merits in a previous petition.  See Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998).

Here, Henderson challenges his conviction in the Douglas County District Court for first degree murder and use of a deadly weapon to commit a felony.  Filing No. 1 at 1–2 (citing State v. Henderson, 854 N.W.2d 616 (Neb. 2014) (affirming Henderson's convictions for first degree murder, attempted first degree murder, two counts of use of a deadly weapon to commit a felony, and possession of a deadly weapon by a prohibited person)).  Liberally construed, Henderson alleges he was denied a fair trial and the prosecution committed a Brady[2] violation because one of the prosecutors failed to disclose she was present at the crime scene and a possible witness, which Henderson did not learn until after the prosecutor publicly revealed such information in a June 21, 2021, news article.

This Court's records reflect that Henderson's habeas corpus petition is successive. Henderson unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation before the Honorable Richard G. Kopf.  See Henderson v. Frakes, No. 4:19CV3022, 2020 WL 3639701 (D. Neb. July 6, 2020) (Filing No. 33, dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice).  Though Henderson asserts a claim based on new facts learned after his previous petition was dismissed, Henderson's allegations do not suggest any new facts that demonstrate he is innocent of the underlying offense.   Moreover, before Henderson may assert any new claim, he must first obtain permission from the Eighth Circuit Court of Appeals to file a second or successive habeas petition.  28 U.S.C. §

---

[2] Brady v. Maryland, 373 U.S.83 (1963).

3

2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton*, 549 U.S. at 152 (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Henderson has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 4, is denied as moot.

2. The habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter.

3. The Court will enter judgment by separate document.

Dated this 10th day of May, 2024.

BY THE COURT:

*[signature: Joseph F. Bataillon]*

Joseph F. Bataillon
Senior United States District Judge